[Crim. No. 4045. In Bank.—October 21, 1936.]

THE PEOPLE, Respondent, v. JOE JOVEN, Appellant.

Bohnett, Hill, Cottrell & Boccardo for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

NOURSE, J., *pro tem.*—Upon a trial by jury, the defendant was convicted of murder in the first degree without recommendation. A new trial was not requested, and the appeal is automatic under the provisions of section 1239 of the Penal Code.

The single point raised on the appeal is that the cross-examination of the appellant was unfair because it tended to show the commission of crimes other than that charged in the information. The state's evidence is clear. On at least three separate occasions the appellant made a complete confession. He admitted the killing in his testimony before the jury, but claimed that it was done in self-defense. The undisputed evidence is that at about 10:30 P. M. he entered a restaurant in Mountain View operated by the deceased, ordered a meal, and, while the deceased was preparing the meal, the appellant entered the kitchen and beat the deceased upon the head with a piece of iron pipe about ten inches long and about three-quarters of an inch thick. He then broke open the cash drawer, disposed of his weapon, and was found about three hours later in the kitchen of his home in San Mateo endeavoring to wash blood from his shoes and clothing. The autopsy showed four fractures of the skull behind the ear and near the spine for a distance of about five and one-half inches going from the frontal bone through the parietal and into the occipital. It also showed that the coverings of the brain were badly hemorrhagic.

The state relied upon this evidence of the condition of the deceased to show that he had been severely beaten and to offset the appellant's plea that he had merely struck in self-defense. As a part of this showing, testimony was given by two witnesses that the appellant had, prior to the

homicide, told them that he always carried a piece of pipe with him when committing a robbery because it was noiseless and when wrapped in newspaper left no fingerprints.

The defendant took the stand in his own defense and testified that after he had given his order to the deceased he went into the kitchen to watch the cooking and had an argument with the deceased; that he then went outside, picked up the pipe, and returned to the kitchen, where he struck the deceased after the latter had picked up a butcher knife. On cross-examination the appellant denied that he had carried a piece of pipe or that he had told either of the two witnesses that he was in the habit of using such an instrument. He was then asked if he had a pipe on a certain day at Gilroy, on another day at San Fernando, on another day at "the Japanese fisherman's store" in San Jose, and on another day when he had trouble with a man in Watsonville. He admitted the use of a piece of pipe on each occasion, but explained that it was always a different piece of pipe that he used.

No objection was made to any of the questions relative to the possession of pipes on these other occasions. Some objections were made to the questions relative to the purpose for which he carried them. We find no error in the admission of any of this testimony. Those questions which went to the possession at other times were admissible for impeachment of the direct testimony of appellant that he did not carry a pipe into the restaurant as a weapon, but that he had found the one used in the yard of another place after he had been threatened by the deceased.

The questions which related to appellant's purpose of carrying a pipe at other times could not have been prejudicial to him because, to each question, he answered that the pipe was for self-protection. They were admissible for the purpose of rebutting his denial of the statements made to the witnesses relative to the efficacy of a piece of pipe as a weapon in the commission of a robbery.

The judgment is affirmed.

Curtis, J., Waste, C. J., Seawell, J., Thompson, J., and Langdon, J., concurred.